POSEY et al. v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit.  June 1, 1900.)

No. 914.

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.
　　Plaintiff's intestate, an extra fireman in the employ of defendant railroad company, was deadheading his way from one station to another, where his run was to commence, in accordance with the custom to allow employés to reach their work in that manner. On reaching a station where switching was to be done, he left the engine and started for the caboose. During the progress of the switching he was run over and killed. There was evidence that the train crew were careless, in using unnecessary violence in making connections between the parts of the train, and there was some evidence that intestate was sitting or standing on the platform of the caboose. Held, that a peremptory instruction for defendant was not erroneous, as intestate was guilty of negligence which contributed directly to the accident, since he should have been in the caboose, and not on the platform.

In Error to the Circuit Court of the United States for the Northern District of Texas.

　　This action was brought to recover damages for negligence causing the death of John Posey, a fireman in the service of the Texas & Pacific Railway Company, who is alleged to have been killed at Barstow, Tex., on or about the 8th day of February, 1897, by the negligence of the agents and servants of the railway company in charge of a freight train upon which Posey was riding. The deceased was the husband of Mattie L. Posey, the son of Lou F. Posey, and the father of Lexie Posey, John B. Posey, and Mabel Claire Posey, who were infants without a guardian, and who sued by their next friend, Mattie L. Posey. By the allegations contained in their first amended petition, the plaintiffs below based their right of recovery against the defendant substantially upon the following grounds: First. That the deceased, John Posey, was at the time of the accident in the service of the defendant as an

extra fireman, returning from Big Springs to Toyah, and was rightfully riding upon the said freight train at the time and place of the said accident. In support of this ground, plaintiffs alleged in detail the circumstances under which the said Posey came to be riding upon the said train, and that his riding thereon was authorized by the superior agents and servants of defendant, who were his vice principals, at Big Springs, Tex., and also by the conductor in charge of the said train. Second. That the death of the said Posey was proximately caused by the negligence of the defendant's servants in charge of said train at Barstow, Tex., on the night of the accident; that, after reaching said place, defendant's agents in charge of said train caused the said train to be cut into two sections, leaving the caboose, and, to wit, six or eight loaded freight cars attached thereto, standing upon the main track at the depot, without brakes set upon said cars or the said caboose; that said agents and servants took the remainder of the said cars, consisting of about ten loaded coal cars, attached to the engine and tender, and proceeded to the work of switching cars from a side track to the main track for the purpose of carrying such cars on their westward journey; that, while performing the work of switching said cars in said yards, the agents and servants of the defendant, with great, unnecessary violence, negligently drove or forced the section of the train attached to the engine against the section of the said train disconnected therefrom, and left standing on the main track; that no warnings or signals of the approach or collision of the said sections were given, and no precautions taken to avoid the danger incident to permitting the said section to come into violent contact; and that the said Posey, who was then either getting into the said caboose, or was in the said caboose, or, at any rate, was lawfully on and about the platform of the said caboose, was by the violence of the said collision thrown from the caboose under the wheels of the cars, run over, and killed. Third. That said defendant was further guilty of negligence in causing and permitting the said sections of said train to come into violent contact, knowing as they did at said time that the said Posey and other employés or persons were on and about the said caboose, and liable to be injured and killed by reason of the violent jamming together of the sections of said train. Plaintiffs further alleged that there were no signals or warnings given to those in and about the caboose of the fact that a collision was about to occur, and that no precautions were taken, such as should have been done, in the way of having brakemen upon the moving section of said train, to set the brakes thereon, and to slow down the said moving section so as to reduce or avoid the danger of the collision and impact with the standing section of the said train. Fourth. That the said Posey was in no wise connected with the operation of the said freight train at the time he was killed, and was not a fellow servant of any of the parties in charge of the said train, and that the employés of the said train owed to him the duty of exercising reasonable care to avoid injuring him while he was upon the said train. Fifth. That, by the negligence of the agents and servants of the defendant in charge of the said train, the said Posey was caused to lose his life. Sixth. The relationship of the parties and the extent of the damages were also alleged. The defendant railway company, by its first amended answer, set up the following defenses: First. A general denial. Second. Contributory negligence of the deceased. Third. That the death of the said Posey, if caused by negligence on the part of any of the employés of the defendant, was the negligence of fellow servants of the deceased. Fourth. That the said Posey was a volunteer on the train, to whom the defendant owed no duty with reference to the exercise of care for his safety. Fifth. That the said Posey was a trespasser upon the train upon which he was riding, and was riding thereon in violation of the rules of the company, prohibiting passengers from riding upon freight trains. Plaintiffs filed their first supplemental petition on March 16, 1899, replying to matters set up in defendant's said answer, and in avoidance thereof, substantially as follows: First. That it was usual and customary for extra firemen, situated as said Posey was at that time, to deadhead back to their work on the first returning freight train; that he was authorized so to do by his vice principals, the foreman of the roundhouse at Big Springs, and also the conductor in charge of said freight train, who had authority under the defendant, and under the usage

and custom prevailing on that division of defendant's railroad, to permit him to ride back to Toyah, Tex., to resume his work as a fireman in the service of the defendant, and that he was riding under and by virtue of such authority, custom, and usage at the time he was killed. Second. That if the defendant had any rule prohibiting employés, such as the deceased, from riding upon its freight trains, the same was a mere paper rule, not enforced, and not brought to the attention of the said Posey, and, further, that the same had been usually and customarily departed from and not enforced on the part of the employés of the defendant upon the division of the said defendant's road upon which the said Posey was then riding, with the knowledge, or at least with the concurrence, and without objection on the part, of the officials of the defendant whose duty it was to insist upon the observance of the said regulation; that the said rule had been waived and abrogated on account of the custom and usage long prevailing on that section of defendant's line, permitting employés, such as John Posey then was, to ride thereon while returning to their work; that in view of the said usage and custom prevailing on defendant's said railroad, and in view of the right given to the said Posey by his vice principals, the roundhouse foreman at Big Springs and the conductor in charge of the said freight train, he was rightfully riding upon the said train as a licensee or quasi passenger at the time of the said accident, to whom the defendant owed the duty of exercising reasonable care to avoid injury. Third. That said Posey's negligence, if any, in being upon the said train at the time he was killed, was prior in point of time, and was merely one of the conditions of the accident, and that the proximate and efficient cause of said accident was the negligence of the operatives of the defendant in the negligent switching of the said freight train at the time of the accident. Fourth. That, if the said defendant had any rule prohibiting Posey from riding upon the freight train, the same had been violated with such frequency, and employés situated as was the said Posey had been so often permitted to ride upon verbal authority given to them by their superior officers while deadheading back to their work, that such rule, if any there was, was of an ambiguous and doubtful nature; that the said Posey acted in good faith in boarding said freight train to return to his work, and in riding thereon, and had just cause to believe, and did believe, that he was authorized to so ride upon said train in deadheading back to his work; and that if he was mistaken in said belief that he did not become a trespasser upon said train, but was lawfully riding thereon, the agents of the defendant in charge of said train, knowing and consenting to his riding thereon, were under the duty of exercising reasonable care to avoid injuring him. They further averred that the failure of the said agents in charge of the said train to exercise such care was the proximate cause of the death of the said Posey. On the trial, after the introduction of evidence on both sides, the court, at the request of the defendant, instructed the jury that, "under the law and the evidence of this case, the defendant is not liable to plaintiffs on account of the death of the deceased, John Posey, and they will therefore return a verdict in favor of the defendant"; and the court refused some nine specific requests of the plaintiffs to charge with reference to various issues in the case. There was a verdict for the defendant, and the plaintiffs prosecute this writ of error.

R. L. Carlock, for plaintiffs in error.

T. J. Freeman, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

From the view we take of the case, it is only necessary to consider the first assignment of error, which complains of the peremptory instruction of the trial judge to the jury to find for the defendant. The evidence on both sides is all contained in the record, and we have digested it. The evidence showed that the deceased, John Posey, an

employé of the defendant, was on the defendant's train, deadheading back from Big Springs to Toyah; that his so being on the train, while in violation of the rules of the company, was in accord with custom and usage in regard to employés situated as Posey was at the time, and while so on the train he was not subject to the performance of any duties, and therefore was not a fellow servant of the other employés of the defendant, who were operating the train. There was evidence tending to show that the employés of the defendant actually operating the train were careless in switching at Barstow, in that the connections were made with unnecessary violence; but it is doubtful whether there was sufficient evidence to warrant the finding, as an affirmative fact, that the defendant was guilty of negligence in any way contributing to the death of John Posey. The learned counsel for the plaintiff in error very strenuously contend that the evidence warranted the finding by the jury that John Posey was a lawful passenger on the defendant's train, and that the defendant was guilty of negligence which caused the death of said John Posey, and that there was evidence on these points justifying the submission of them to the jury. Conceding this to be the case, on this review it still remains that the peremptory instruction given by the judge to find for the defendant was correct, because the said John Posey was himself guilty of negligence which contributed directly to the accident resulting in his death. As a passenger on the train, or even as an employé of the defendant, going from one place of duty to another, but not engaged in operating the train he was traveling on, his place on the train was in the caboose. It is perfectly clear that, if he had been in the caboose, he would not have suffered any serious injury from any of the unnecessary violence used in switching at Barstow. The evidence is undisputed that from Big Springs to Barstow, the said John Posey rode upon the engine, and that when the train reached Barstow, between 2 and 3 o'clock in the morning, the said Posey, learning that switching was to be done at that place, left the engine, with the avowed purpose of going to the caboose. What route he took, and whether he was run over and killed in crossing between the cars, or in endeavoring to climb on some car or the caboose, does not appear. What is certain is that, as a passenger or quasi passenger on the train, and while the train was switching in the nighttime at Barstow, he was guilty of negligence in going around, about, or through the train. We note that there was some evidence tending to show that he was standing by or sitting on the railing of the platform of the caboose at the time a coupling was being made, and that by the coupling he was knocked over onto the track, where three cars passed over him. We think this merely conjecture, but, if it be taken as a fact, it is still clear that John Posey was in fault, contributing to his own injury, because the place was dangerous, particularly with reference to the switching operations going on, and he voluntarily took it, and with it all the risks and damages accompanying. The judgment of the circuit court is affirmed.